IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ERIC BERNARD HOWARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cv-0004 |
| | ) | Judge Campbell |
| | ) | Magistrate Judge Brown |
| STATE OF TENNESSEE DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Todd J. Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is the Motion to Dismiss filed by Defendants Tennessee Department of Correction ("TDOC"), Derrick Schofield, Commissioner of TDOC, Reuben Hodge, Assistant Commissioner of TDOC, Edward J. Rodriguez, TDOC Liaison at South Central Correctional Facility ("SCCF"), and Carolyn Jordan, TDOC Liaison at SCCF. (Docket Entry 40). Defendants have filed a Memorandum in support of their Motion. (Docket Entry 41). Plaintiff has filed a Response to the Motion. (Docket Entry 43). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Motion be **GRANTED** and the claims against Defendants TDOC, Schofield, Hodge, Rodriguez, and Jordan be dismissed. The case should proceed as to the remaining Defendants at this time.

1

# I. INTRODUCTION AND FACTUAL BACKGROUND[1]

Plaintiff filed this civil suit *pro se in forma pauperis* under 42 U.S.C. § 1983 against TDOC, Schofield, Hodge, Jordan, Corrections Corporation of America, Avril Chapman, Warden, Captain f/n/u Jackson, Shift Supervisor, f/n/u Cogswell, Lieutenant, Leigh (Kilzer) Staggs, Senior Correctional Officer, Jessica Garrett, Senior Correctional Officer, f/n/u Lang, Senior Correctional Officer, and Rodriguez, all in their official and individual capacities. (Docket Entry 1). Plaintiff filed an Amended Complaint on February 27, 2012. (Docket Entry 11). Specifically, Plaintiff alleges that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments.

Plaintiff is an inmate of TDOC currently housed at Northeast Correctional Complex in Mountain City, Tennessee, but he was housed at South Central Correctional Center in Clifton, Tennessee when the actions that gave rise to this lawsuit took place. (Am. Compl. at 2, 6). In his Amended Complaint, Plaintiff alleges that on September 15, 2011, Defendants Garrett, Skaggs, and Jackson confiscated and did not return his legal folder containing documents "Disciplinary Report; TOMIS Report BI01MGL, 912250-108231, 912249-108230; and a Petition for Declaratory Order, Seeking Validation and Legality of 'Non-State Employees Fraudulently Identifying Themselves by Affixing Their Signatures on Official State Documents and Imposing Punishment on State Prisoners Without the Jurisdiction to Do So.'" On September 27, 2011, Plaintiff was found guilty of sexual harassment at a disciplinary hearing, and the record

---

[1] All factual allegations are taken as true from Plaintiff's Amended Complaint (Docket Entry 11) and response to Defendants' Motion to Dismiss (Docket Entry 43).

reflects that Plaintiff intended to produce the documents in his legal folder as support for his attempts to appeal the disciplinary report. (Am. Compl. at 25-28).

Plaintiff alleges that because he went through the proper channels and exhausted his administrative remedies in an attempt to obtain his legal documents, Defendants hindered Plaintiff's pursuit of justice and violated his First Amendment right to access the courts. (Am. Compl. at 3, 4). Specifically, Plaintiff alleges that Defendant Lang, who presided over the disciplinary hearing, refused to return the documents after Plaintiff requested them. (Am. Compl. at 3). Plaintiff also wrote letters to Defendants Jordan and Chapman, alerting Jordan that CCA staff had not returned his legal documents and explaining to Chapman, who had denied Plaintiff's request for appeal because he failed to include his disciplinary report and TOMIS Report BI01MGL, that he did not include the documents because they were confiscated by correctional staff. Further, Plaintiff attempted to address the issue of his legal documents and exhaust his administrative remedies by writing letters to Defendants Hodge and Schofield. Schofield also denied Plaintiff's appeal because he failed to include his disciplinary report and TOMIS Report BI01MGL. (Am. Compl. at 4).

With respect to his Fourteenth Amendment Due Process and Equal Protection claim, Plaintiff alleges that Defendants Jordan and Rodriguez violated Tennessee Code Annotated Title 41-24-101, et al. by failing to authorize and affix their signatures to the TDOC disciplinary report. Plaintiff alleges that TDOC Liaisons are the only officers who can authorize initial disciplinary infractions charging a prisoner with wrongdoing, and must provide written documentation to the state prisoner imposing the punishment recommended by the non-state employees. Because Jordan and Rodriguez failed to authorize the disciplinary measures and

provide Plaintiff with this report, Plaintiff claims that they violated his rights to due process and equal protection under the laws.

Plaintiff also alleges that on September 15, 2011, Defendant Cogswell violated his Eighth Amendment protection from cruel and unusual punishment by spraying Plaintiff excessively with pepper spray in the eyes, face, neck, and upper torso. (Am. Compl. at 5). As relief for the alleged constitutional violations, Plaintiff seeks (1) an injunction requiring the return of his legal documents and enforcing Tennessee Code Annotated 41-24-101, et al.; (2) reinstatement of any unearned behavior and bonus behavior credits, as well as any package restrictions, lost pay, and a parole rehearing; (3) monetary, compensatory, and punitive damages; and (4) cost tax to all Defendants. (Am. Compl. at 5, 6).

On May 1, 2012, Defendants TDOC, Schofield, Hodge, Jordan, and Rodriguez filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 40). Defendants alleged that (1) in their official capacity, they are immune from liability under the Eleventh Amendment and are not considered a "person" for the purposes of 42 U.S.C. § 1983, (2) Plaintiff failed to allege sufficient personal involvement as to Defendants Schofield, Hodge, and Jordan in the alleged violation of constitutional rights, and (3) Plaintiff failed to state a claim for relief regarding his argument of a due process violation.

Plaintiff filed a response to the Motion on June 1, 2012. (Docket Entry 43). With respect to Defendants' claim of sovereign immunity, Plaintiff alleges that because TDOC is a legal entity with sufficient existence in legal contemplation, it can be sued through it agents. Because Defendants Schofield, Hodge, Jordan, and Rodriguez are all agents of TDOC, Plaintiff alleges that he can sue TDOC by suing them in their official capacities. Plaintiff also claims that

immunity from suit is removed when agents' conduct rises to the level of willful, wanton, or gross negligence. With respect to Defendants' allegation that Plaintiff failed to allege sufficient personal involvement as to Schofield, Hodge, and Jordan, Plaintiff essentially reiterated the arguments espoused in his Amended Complaint. Further, Plaintiff alleged in response to Defendants' claim of failure to properly state a due process violation that the disciplinary procedures at South Central Correctional Facility were fraudulently initiated and executed by unauthorized employees of CCA and that Defendants violated Tennessee Code Annotated 41-24-101, et al. as a result. Plaintiff also alleges that he has served three times the percentage of his sentence, was denied parole in July 2011 because his release from custody would have a substantially adverse effect on institutional discipline, and will be incarcerated for four additional years for null and void disciplinary infractions.

## II. STANDARD OF REVIEW

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, *pro se* pleadings filed in civil rights cases are to be liberally construed and are held to a less stringent standard than formal pleadings drafted by

5

lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### III. LEGAL ANALYSIS

A.   Section 1983 Liability

Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 provides for liability against any "person" who, under color of law, violates the plaintiff's constitutional rights. 42 U.S.C. § 1983. A claim pursuant to 42 U.S.C. § 1983 is valid if a plaintiff establishes that: (1) his rights secured by the Constitution or United States law have been violated; and (2) the person who violated such rights did so while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

B.   Plaintiff's Official Capacity Claims

Defendants argue that they are immune from Plaintiff's official capacity claims under the Eleventh Amendment. The Supreme Court has held that the Eleventh Amendment bars suits

against a state unless the state has waived its immunity, and thus states are not "persons" for the purposes of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). Further, suits against officials of a state agency in their official capacity are also barred under the Eleventh Amendment because such suits are determined to be against the state rather than the individual. *Id.* at 71. The Sixth Circuit has held that Eleventh Amendment immunity bars official-capacity suits for monetary damages against state officials. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Unless a state waives its immunity under the Eleventh Amendment, federal courts cannot entertain official capacity suits for monetary damages against state officials. *See, e.g.*, *Freeman v. Mich., Dep't of State*, 808 F.2d. 1174, 1179-80 (6th Cir. 1987). Accordingly, because TDOC is a state agency and Schofield, Hodge, Jordan, and Rodriguez are state officials, and there is no indication that Defendants have waived immunity from suit, Plaintiff's claims for monetary damages against such Defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.

Defendants also contend that the claims for injunctive relief against TDOC should be dismissed because TDOC is a state agency. The Supreme Court has held that, with respect to a state or its agencies, the "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Further, the Sixth Circuit held that claims for injunctive relief against the State Bar of Michigan and the Michigan Board of Law Examiners were properly dismissed because they were arms of the Michigan Supreme Court for all purposes relevant to the lawsuit. *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). In his response to the Motion to Dismiss, Plaintiff contends that dismissal of claims against TDOC is not proper because TDOC is a legal entity that can be

7

sued through its agents. While the Eleventh Amendment does not bar claims against state officials seeking an injunction preventing such officials from enforcing a state law that allegedly violates the Constitution, claims for injunctive relief against state agencies are always barred. *See id.* at 615-16. Thus, because it is a state agency, the Magistrate Judge believes that all claims against TDOC are subject to Eleventh Amendment Immunity and must be dismissed.

B.  Plaintiff's Claims Against Defendants Schofield and Hodge

Defendants Schofield and Hodge claim Plaintiff failed to allege that they had sufficient personal involvement in restricting Plaintiff's right to access the courts so as to constitute a plausible First Amendment violation. Under the First Amendment, prisoners retain the constitutional right to petition the government for redress of grievances. *Turner v. Safley*, 482 U.S. 78, 84 (1987). As such, the First Amendment prohibits prison officials from erecting any barriers against an inmate's right to access the courts. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff alleges that by failing to grant his request to return his legal documents and his appeal of the disciplinary report, Defendants Schofield and Hodge violated Plaintiff's First Amendment right to access the courts. However, Plaintiff fails to state a plausible claim for relief that Defendants Schofield and Hodge specifically denied him this right. With respect to the allegedly confiscated Disciplinary Report and TOMIS Report, the record reflects that those documents appear to be required for inclusion in his disciplinary appeal process, and Plaintiff fails to allege that their absence hindered his ability to access the courts. Plaintiff also claims that his legal folder contained a Petition for a Declaratory Order, seeking redress under Tennessee Code Annotated 41-24-101, et al., but he also fails to allege how the absence of the petition hindered his right to access the courts. To properly state a claim for denial of access to

the courts, an inmate must allege prejudice to his litigation. *Kensu*, 87 F.3d at 175; *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Here, because Plaintiff could conceivably have drafted another petition for a declaratory order and did not allege any potential statute of limitations to file the petition, Plaintiff failed to state a claim that Schofield and Hodge violated his First Amendment Right to access the courts.

Further, the Magistrate Judge believes Defendants' argument is well taken that denial of administrative complaints and failure to take remedial action are not sufficient to state of claim for denial of access to the courts. Several other circuits have held that failure to process or respond to grievances does not rise to the level of a constitutional violation. *See Stringer v. Bureau of Prisons, Fed. Agency*, 145 Fed.Appx. 751, 753 (3d Cir. 2005); *Antonelli v. Sheehan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Moreover, the Sixth Circuit has held that refusal by prison officials to accept an inmate's legal mail did not rise to the level of a First Amendment violation where the refusal could not possibly have led to dismissal of the plaintiff's pending cases. *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). Here, Plaintiff's fails to properly state a First Amendment violation for denial of access to the courts because he had yet to file any documents in the courts, and Defendants' denial of the appeal of his disciplinary reports did not prohibit him from doing so.

Finally, Plaintiff cannot base his Section 1983 claims against Schofield and Hodge on a theory of respondeat superior or failure to supervise the other defendants in this action. Liability of supervisory personnel must be based on something more than failure control employees. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). Failure to supervise subordinates is not actionable under Section 1983 absent a showing that the supervisor either

9

encouraged the misconduct or in some way directly participated in it. *Id.* at 874. With respect to his First, Eighth, and Fourteenth Amendment claims, Plaintiff did not allege that Schofield and Hodge had any personal involvement in confiscating Plaintiff's legal documents or spraying Plaintiff in the face with pepper spray. Thus, the Defendants' argument that Plaintiff did not state sufficient personal involvement by Schofield and Hodge so as to state a plausible claim for relief is well taken. Accordingly, the Magistrate Judge believes that all claims against Defendants Schofield and Hodge, in both their official and individual capacities, should be dismissed.

C.  Plaintiff's Claims Against Defendants Jordan and Rodriguez

Plaintiff claims that Defendants Jordan and Rodriguez, both Liaisons to TDOC, violated Tennessee Code Annotated 41-24-101, et al., and Plaintiff's right to procedural due process under the Fourteenth Amendment by failing to verify and/or approve the disciplinary action recommended by CCA employees. Under Tenn. Code Ann. Section 41-24-110(5), employees of a private contractor are prohibited from "granting, denying, or revoking sentence credits; placing an inmate under less restrictive custody; or taking any disciplinary action." Tenn. Code Ann. Section 41-24-110(5). Regardless of whether Jordan and Rodriguez failed to approve the actions of the disciplinary board, Plaintiff's claim that they violated a Tennessee statute in doing so fails to state a claim that they violated Plaintiff's Fourteenth Amendment right to due process.

Prisoners claiming a due process violation under the Fourteenth Amendment must establish deprivation of a liberty interest protected by the Constitution or a state statute. *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The Sixth Circuit has held that "procedural requirements alone cannot establish a liberty interest." *Newell v. Brown*, 981 F.2d 880, 885 (6th

Cir. 1992) (quoting *Beard v. Lindsey*, 798 F.2d 874, 877 (6th Cir. 1986)). In *Newell*, the court held that while under Michigan's prison regulations the plaintiff's reclassification should have been approved by the deputy director or his designee, an alleged violation of Michigan's procedural regulations could not violate the Due Process Clause absent some independent basis. Here, Plaintiff has not alleged any independent basis that Defendants Jordan and Rodriguez violated his rights to due process under the Fourteenth Amendment. Merely stating that Jordan and Rodriguez violated a Tennessee state statute detailing the relationship between state prisons and private contractors does not rise to the level of a due process violation. Because Plaintiff failed to allege an independent basis, he failed to establish a protected liberty interest required by the Fourteenth Amendment.

Moreover, Defendants' argument that Plaintiff failed to allege punishment rising to the level of "atypical and significant hardship" is well taken. The Supreme Court has held that findings of misconduct against an inmate do not create such an "atypical and significant hardship" as to implicate a liberty interest protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-87 (1995). Similarly, Plaintiff's allegation that the disciplinary action taken against him resulting in a reduction of his good-time credits constituted a due process violation does not impose atypical and significant hardship. Further, the inmate disciplinary board that took action against Plaintiff met the minimum due process requirements set forth by the Supreme Court. When potentially affecting an inmate's constitutionally protected interests, an inmate disciplinary board must provide an inmate with (1) notice of the charges, (2) an opportunity to be heard, and (3) a written statement by the fact finders as to evidence relied on and reasons for the disciplinary action. *Wolff* v. *McDonnell*, 418 U.S. 539,

11

563-69 (1974). The attachments to Plaintiff's Amended Compliant reflect that the disciplinary board complied with each of these measures, regardless of the allegation that Jordan and Rodriguez failed to approve the decision as required by state statute. Thus, the Magistrate Judge believes that Plaintiff failed to properly allege a due process violation and that the claims against Defendants Jordan and Rodriguez should be dismissed.[2]

### IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss be **GRANTED** and the claims against Defendants TDOC, Schofield, Hodge, Jordan, and Rodriguez be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 11th day of July, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[2] Prisoners such as Plaintiff retain other protection from arbitrary state action, including internal prison grievance procedures and state judicial review where available.