**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **ERIC BERNARD HOWARD # 123461,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-0004 |
| | ) | Judge Campbell/Brown |
| **STATE OF TENNESSEE DEPARTMENT** | ) | |
| **OF CORRECTIONS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**To: The Honorable Todd J. Campbell, United States District Judge**.

### REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that this action be **DISMISSED** with prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust, that all pending motions be **TERMINATED** as **MOOT**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), brought this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights while he was incarcerated in the South Central Correctional Facility (SCCF) in Clifton, Tennessee. (DE 1)

This action was referred to the Magistrate Judge on January 10, 2012 "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court." (DE 4) In addition to the foregoing, the order of referral authorized the Magistrate Judge to "*sua sponte* recommend the dismissal of any

claim for the reasons set forth in 28 U.S.C. § 1915(e)(2)." (DE 4)

Plaintiff filed an amended complaint on February 27, 2012. (DE 11) Defendants filed an answer to the amended complaint on April 17, 2012, in which they raised the affirmative defense that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA). (DE 36, ¶ C.6, p. 3) Plaintiff filed a response to defendants' answer on April 30, 2012. (DE 42)

On May 2, 2012, defendants Tennessee Department of Correction (TDOC), TDOC Commissioner Derrick Schofield, Assistant TDOC Commissioner Reuben Hodge, TDOC Liaison at SCCF Edward Rodriguez, and TDOC Liaison at SCCF Carolyn Jordan filed a motion to dismiss on various grounds. (DE 40) Plaintiff responded on June 1, 2012. (DE 43) The Magistrate Judge entered a Report and Recommendation (R&R) on July 11, 2012 recommending that the motion to dismiss be granted. (DE 57) The district judge adopted and approved the R&R on August 14, 2012.[1] (DE 62)

Plaintiff filed a motion for summary judgment on December 5, 2012 (DE 111), to which the remaining defendants below responded on December 21, 2012 (DE 123). Thereafter, the remaining defendants filed a motion for summary judgment on December 21, 2012 (DE 113),[2] to which plaintiff responded on January 10, 2013 (DE 128). In their motion, defendants argue that this action is subject to dismissal because plaintiff should not have been permitted to proceed IFP because he

---

[1] The following remained as defendants to this action after the order was entered adopting and approving the R&R: 1) Corrections Corporation of America (CCA); 2) Arvil Chapman, Warden; 3) Captain Terry Jackson, Shift Supervisor; 4) Lieutenant Kevin Cogswell; 5) Senior Corrections Officer (SCO) Leigh (Kilzer) Staggs; 6) SCO Jessica Garrett; 7) SCO Gloria Lang.

[2] Although filed as a motion for summary judgment, defendants' motion is both a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. and a motion for summary judgment under Rule 56, Fed. R. Civ. P. Inasmuch as the pleadings have closed, the Magistrate Judge construes defendants' Rule 12(b)(6) motion to as one for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P.

2

had four (4) "strikes" under 28 U.S.C. § 1915(g) at the time he brought this action. Defendants also expand their failure-to-exhaust argument. These opposing dispositive motions are now properly before the court.

## II. ANALYSIS

### A. Plaintiff's IFP Status

Defendants seek to dismiss this action under Rule 12(b)(6), arguing that plaintiff should not have been permitted to proceed IFP because he had four (4) "strikes" under 28 U.S.C. § 1915(g) prior to filing his complaint. (DE 120, ¶ I, pp. 5-6) For the reasons explained, *supra* at p. 2 n. 2, the Magistrate Judge construes this part of defendants' motion as motion under Rule 12(c) for judgment on the pleadings.

A district court's reviews pleadings under Federal Civil Rule 12(c) under the same standard used in reviewing pleadings under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012)(citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008)). The court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Id*. (Quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007).

Under the PLRA, a prisoner-plaintiff may not proceed IFP in a civil action in federal court IFP if he has, on three or more prior occasions, brought "an action or appeal in a court of the United States that was dismissed on the grounds that it [wa]s frivolous, malicious, or fail[ed] to state a claim on which relief could be granted, unless the prisoner-plaintiff claims that he is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a lawsuit in federal court, may not do so at taxpayer expense. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

Defendants assert that the following cases constituted "strikes" under § 1915(g) at the time plaintiff filed his complaint:

1) *Howard v. Sgt. Staples, et al.*, No. 3:03-0186 (M.D. Tenn. Oct. 20, 2004) (Trauger, J.) (dismissed as frivolous (DE # 4)).

2) *Howard v. Rea, et al.*, No. 3:03-00850 (M.D. Tenn. Sep. 12, 2003) (Echols, CJ.) (dismissed as frivolous (DE # 4)), 6CCA *aff'd* dismissal as "frivolous" Sep. 20, 2004 (DE # 12).

3) *Howard v. Correction Medical Service, et al.*, No. 3:04-01077 (M.D. Tenn. Dec. 3, 2004) (Campbell, J.) (dismissed as frivolous and for failure to exhaust (DE # 4)).

4) *Howard v. Correctional Medical Service Corp., et al.*, No. 3:05-00232 (M.D. Tenn. Mar. 18, 2005) (Haynes, J.) (dismissed as frivolous and for failure to state a claim (DE # 4)).

Although the district court initially dismissed *Howard v. Sgt. Staples* above as frivolous, plaintiff filed a motion to reconsider, which the district court granted. *Id.* (DE # 5-6) That case was later dismissed on grounds that did not constitute a "strike" under § 1915(g). *Id.* (DE # 50-51) Consequently, *Howard v. Sgt. Stapels* is not a "strike" under § 1915(g).

*Howard v. Rea* actually counts as two (2) "strikes" because the district court dismissed it as frivolous, following which the Sixth Circuit affirmed the district court's determination that the action was frivolous. 28 U.S.C. § 1915(g)("an action or appeal in a court of the United States" deemed frivolous, malicious, or fails to state a claim is a "strike" under § 1915(g)); *see Taylor v. First Medical Management*, 2012 WL 6554645 * 5 (6th Cir. Dec. 14, 2012)(counting as a "strike" where the appellate court affirmed the frivolity ruling of the court below); *see also Boles v. Matthews*, 1999 WL 183472 * 2 (6th Cir. Mar. 15, 1999).

*Howard v. Correctional Medical Service* No. 3:04-01077 was dismissed in part as frivolous and in part for failure to exhaust. Dismissal under those specific mixed circumstances count as a "strike" under § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007)(dismissal of

an action as frivolous or for failure to state a claim on some claims, and for failure to exhaust on others, counts as a "strike" under § 1915(g)). This case constitutes plaintiff's third "strike" under § 1915(g).

Finally, *Howard v. Correctional Medical Service*, No. 3:05-00232 was dismissed in part as frivolous, and on balance for failure to state a claim. This case brings the number of "strikes" under 1915(g) to four (4) at the time plaintiff filed his complaint on January 6, 2012.

Under § 1915(g), the only way plaintiff should have been permitted to proceed IFP in this action were if he had been in imminent danger of serious physical injury at the time he filed his complaint. The record shows that plaintiff was incarcerated in the Northeastern Correctional Complex (NECX) at the time he filed his complaint against the defendants at SCCF. Because the "imminent danger" exception to § 1915(g) would not apply under those circumstances, plaintiff should not have been permitted to proceed IFP in this action.

Neither the Sixth Circuit nor the district courts within the Sixth Circuit appear to have addressed what the proper remedy is under the circumstances described above. However, numerous other federal courts have. Those other courts have determined that the proper remedy is to vacate the order granting plaintiff IFP status, give plaintiff given thirty (30) days to pay the balance of the original filing fee, and if he fails to do so, to dismiss the case with prejudice for failure to prosecute. *See e.g., Henderson v. Caskey*, 1997 WL 33827110 (5th Cir. 1997); *Fuller v. Caruso*, 2013 WL 1830856 *1 (W.D. Mich. April 30, 2013); *Rider v. A. Rangel, et al.*, 2011 WL 121559 * 3 (E.D. Cal. Jan. 13, 2011); *Garland v. Wheeler*, 2009 WL 3644800 * 2 (N.D. Fla. Oct. 28, 2009); *Martin v. Goord*, 2008 WL 5057297 * 3 (N.D.N.Y. Nov. 24, 2008)(all cases standing for the remedy described).

Although the remedy described above would be appropriate under circumstances here, court

records show that plaintiff has a balance of only $77.04 against the original $350.00 filing fee in this case. Given that the records also show plaintiff has no outstanding balance in any of the several other cases that he brought in this district, the possibility exists that plaintiff would simply pay the $77.04 balance, the net effect of which would be an unnecessary delay in these proceedings. On the other hand, as discussed below, the record before the court shows that plaintiff did not exhaust his administrative remedies prior to bringing this action in district court. Dismissal for failure to exhaust is more appropriate than either allowing plaintiff time to pay the filing fee, or granting defendants' motion to dismiss under § 1915(g).

**B. Exhaustion**

Defendants have moved for summary judgment arguing that plaintiff failed to exhaust his administrative remedies against defendant Cogswell.[3] Summary judgment is proper if, after viewing the evidence, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) and Fed.R.Civ.P. 56(a)). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Id*. (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). In addressing a motion for summary judgment, "[t]he court need consider only the cited materials, but it [also] may consider other materials in the record." Rule 56(c)(3), Fed. R. Civ. P.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

---

[3] Although defendants' exhaustion argument pertains only to defendant Cogswell, as shown, below, plaintiff admits that he did not file a "grievance" within the meaning of *Woodford v. Ngo*, 548 U.S. 81 (2006). Therefore, defendants' exhaustion argument pertains not just to defendant Cogswell, but to all of the other remaining defendants as well.

§ 1997e(a). To satisfy the PLRA's exhaustion requirement, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'– rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007)(quoting *Woodford*, 548 U.S. at 88). The exhaustion requirement under § 1997e(a) is "mandatory." *Id.* at 211.

Plaintiff asserts in his original complaint that he made a "**diligent attempt to Exhaust his Administrative Remedies**" by sending "handwritten letters" through "proper channels" to various TDOC officials in which he sought to appeal a <u>disciplinary action</u> against him, to recover the contents of a legal folder that was at the center of the alleged events that led to that disciplinary action, and to "**be allowed to Exhaust his Administrative Remedies**." (DE 1, pp. 3-4)(emphasis added) The documentation attached to the original complaint pertains solely to the referenced disciplinary action.[4]

Plaintiff repeats the comments above in his amended complaint. (DE 11, p. 3) Again, the attached documentation pertains solely to the referenced disciplinary action.

As previously noted, defendants filed an answer to the amended complaint on April 17, 2012, in which they raised the affirmative defense "that Plaintiff . . . failed to exhaust his administrative remedies." (DE 36, ¶ 6, p. 3) Plaintiff responded to defendants' answer as follows: "All Administrative Remedies has been **Exhausted to the best of his ability to do so Diligently**." (DE 42, ¶ 3, p. 1)(emphasis added) Plaintiff attached a copy of a document captioned "OPTICAL LABORATORY ORDER" to his response. (DE 42, p. 4)

Finally, plaintiff writes the following in his response to defendants' motion for summary judgment:

---

[4] The "administrative remedies" to which plaintiff refers – here and throughout the record – pertain to his appeal of the disciplinary action that resulted from the alleged actions that gave rise to this § 1983 action.

7

Plaintiff disputes this argument with TOMIS Disciplinary Report attached to Plaintiff Motion for Summary Judgment Exhibit J.[5] Plaintiff grieved his complaint and did in fact exhaust[] the Correctional Facility's administrative remedies.

Plaintiff first of all requested a formal grievance form and **was informed** by . . . [CCA] . . . Employees C/O J. Bradway and C/O Tubbs . . . that **there was no grievance forms available. So plaintiff submitted his complaint against Defendant Cogswell with the Second avenue available by . . . [TDOC] . . . Policy #502** (see CR-3689). Matters inappropriate for grievance – non-grievable – violates policy # 501.01 §(VI)(H)(1)[.][6] See TDOC CR 3689 hereto attached. Since disciplinary actions was initiated to this cause of action; Plaintiff not only incorporated his complaint against defendant Cogswell; but also requested a Declaratory Order seeking administrated Review of the punishment inflicted upon his person thru the Warden, Assistant [TDOC] Commissioner . . . which was not abandoned at any stage of the proceeding. Plaintiff reiterate the fact that while being segregated in the Medical Housing Unit at South Central Correctional Facility . . . **there was no availability nor recourse to grievances, nor a 'Grievance Deposit Box.' Furthermore . . . Plaintiff was not afforded the opportunity to recourse any . . . documents or grievances.**

**It would also have been futile to use the inmate Grievance Procedure, because to do so while housed at South Central Correctional Facility . . . would have placed the Plaintiff/Complainant in serious imminent bodily injury** at the time Plaintiff/Complainant was in Skylab (High Security Annex), that has limited cameras and no inmates' able to actually view any

---

[5] Plaintiff attached numerous copies of cases to his motion for summary judgment. However, they are not identified individually as exhibits, nor is there a TOMIS Disciplinary Report attached to his motion identified as Exhibit J or otherwise.

[6] Inmate grievance procedures are governed by TDOC *Administrative Policies and Procedures,* Index # 501.01, the purpose of which is "[t]o establish a standard procedure for the expression and resolution of inmate complaints." Index # 501.01, ¶ II, p. 1. Disciplinary actions taken against prisoners are not "grievable" under Index # 501.01. *Id*, ¶ VI.H.1, p. 4. Disciplinary actions against TDOC inmates and related appeals are governed by TDOC *Administrative Policies and Procedures*, Index # 502.01, the purpose of which is "[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to . . . TDOC." Index # 502.01, ¶ II, p. 1. Appellate procedures in Index 502.01 pertain to inmate disciplinary actions, not to prisoner grievances. *Id.*, ¶¶ VI.M-N, pp. 20-29. In other words, the grievance procedure that satisfies the exhaustion requirement under *Jones* and *Woodford*, *supra* at p. 7, is the procedure under Index # 501.01, not Index # 502.01.

imminent assault upon Plaintiff/'Complainant.[7]

(DE 128, pp. 6-7)(emphasis added)

The foregoing reveals the following. First, it may be inferred from the following statements – "diligent attempt," "be allowed to exhaust," and "to the best of his ability" – in plaintiff's complaint, amended complaint, and response to defendants' answer that plaintiff did not actually exhaust his administrative remedies, but merely tried unsuccessfully to do so. The law is well established that here is no futility exception to the exhaustion requirement under the PLRA. *See Booth v. Churner*, 532 U.S. 731 741 n. 6 (2001)("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . ."). It also may be inferred from the original complaint, amended complaint, and response to defendants' answer that the "administrative remedies" to which plaintiff referred pertained to his appeal under Index # 502.01 with respect to the <u>disciplinary action</u> that had been taken against him.

Second, plaintiff asserts in his original complaint, amended complaint, and response to defendants' answer that he sought to exhaust his administrative remedies by writing letters to TDOC officials. In *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999), the Sixth Circuit held that actions taken outside of the formal grievance procedure do not count as exhausting one's administrative remedies. *Id*. at 644. The Sixth Circuit applied *Freeman* when it later held that raising complaints in letters to prison officials does not satisfy the exhaustion requirement of the PLRA. *See Shephard v. Wilkinson*, 2001 WL 1563934* 1 (6th Cir. 2001); *Jewell v.* Leroux, 2001 WL 1141455 * 1 (6th Cir. 2001). More importantly, however, it is apparent once again that the "administrative remedies" to which plaintiff refers in the context of these letters pertain to his disciplinary appeal under Index #

---

[7] Had plaintiff truly been concerned about his safety if he filed a grievance at SCCF, he could have attempted to file a grievance after he was transferred to NECX. There is nothing in the record that suggests that plaintiff sought to do that.

502.01.

While it is apparent from the record that plaintiff did, in fact, pursue the "administrative remedies" pertaining to the disciplinary action against him, there is nothing whatsoever in the record that suggests plaintiff filed a grievance in accordance with Index # 501.01, much less that he pursued a grievance under Index # 505/01 through one complete round of the grievance process. On the contrary, the highlighted portions of plaintiff's response to defendants' motion for summary judgment – quoted *supra* at pp. 8-9 – establish unambiguously that he sought to exhaust his "administrative remedies" through the disciplinary review process under Index # 502.01, because to have filed a grievance at SCCF under Index # 501.01 would have put him in harm's way. Pursuing the disciplinary appeal under Index # 502.01 does not satisfy the exhaustion requirement under the PLRA. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 88. Plaintiff was required to complete the grievance procedure set forth in Index # 501.01 to satisfy the exhaustion requirements of the PLRA. *Id*. It is obvious from the foregoing that plaintiff did not exhaust his administrative remedies through the established TDOC grievance procedure and, as such, he had not satisfied the PLRA exhaustion requirement at the time he filed his complaint.

Since a "prisoner may not exhaust administrative remedies during the pendency of the federal suit," *Harvin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005)(quoting *Freeman*, 196 at 645), one option at this juncture would be to dismiss this action without prejudice to give plaintiff the opportunity to exhaust his administrative remedies under Index # 501.01. However, under Index # 501.01, a prisoner must file his grievance "within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance." *TDOC Administrative Policies and Procedures*, Index # 501.01, ¶ VI.C.1, p. 2. The alleged events that gave rise to this action occurred on September 15, 2011, more than twenty (20) months ago. Plaintiff also is no longer incarcerated

in SCCF . . . he remains imprisoned in NECX. For these reasons, it would be futile to dismiss this action without prejudice to give plaintiff a chance to exhaust his administrative remedies under Index # 501.01. Accordingly, this action should be dismissed with prejudice for failure to exhaust not only with respect to defendant Cogswell, but with respect to all of the other remaining defendants as well.

### III.  RECOMMENDATION

For the reasons explained above, the Magistrate Judge recommends that this action be **DISMISSED** with prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust, that all pending motions be **TERMINATED** as **MOOT**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 14th day of June, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge